# Supreme Court of the Navajo Nation

**Hsaio Li (Mimi) Lee and Yu Te (James) Lin,**
**wife and husband, and**
**Toyo-Cinema Co., Ltd.,**
**A Japanese Corporation, Appellants,**
**v.**
**Stanley Tallman and Peabody Coal Company,**
**A Delaware Corporation,  Appellees.**
**Decided January 16, 1996**

## OPINION

Before YAZZIE, Chief Justice, AUSTIN and *SLOAN, Associate Justices (*sitting by designation).

Herbert L. Ely, Esq., Phoenix, Arizona, Roy B. Ward, Esq., Flagstaff, Arizona, and Lawrence A. Ruzow, Esq., Window Rock, Navajo Nation (Arizona), for the Appellants; and Richard J. Woods, Esq., Phoenix, Arizona, for the Appellee, Peabody Coal Company, Inc., and Frederick M. Aspey, Esq., Flagstaff, Arizona, for the Appellee, Stanley Tallman.

Opinion delivered by AUSTIN, Associate Justice.

Two questions are before the Court: 1) whether the Appellees' motion to dismiss this appeal should be granted; and 2) whether Appellant Toyo-Cinema's motion to modify the record on appeal should be granted.

### I

Hsaio Li Lee and Yu Te Lin, Taiwanese nationals, and Toyo-Cinema, a Japanese corporation, brought this automobile accident case against the Appellees, Stanley Tallman and Peabody Coal Company ("Tallman"), in the Tuba City District Court and simultaneously in an Arizona state superior court. On December 28, 1994, the district court dismissed the suit for failure to serve the complaint within six months of filing. The sole Appellant, Toyo-Cinema ("Toyo-Cinema"), appealed the dismissal order and simultaneously filed a motion in the district court requesting reconsideration of the dismissal. Tallman then filed a motion to dismiss the appeal on the ground that Toyo-Cinema is a "non-jural entity" and therefore not entitled to bring an action in Navajo Nation courts.

Toyo-Cinema filed a separate motion requesting to add court documents from the Arizona case to the record before this Court. The state superior court dismissed its action for lack of subject matter jurisdiction.

## II

Tallman claims in his motion to dismiss that Toyo-Cinema lacks standing to bring this action because it is not authorized to do business in the Navajo Nation pursuant to section 174(a) of the Navajo Nation Corporation Code. That section prohibits a foreign corporation which is transacting business in Navajo Indian Country without authorization from filing suit in Navajo Nation courts. Toyo-Cinema argues that Tallman cannot raise this issue on appeal because he did not raise it in the district court. Tallman first raised the "non-jural entity" issue in his response to Toyo-Cinema's motion to reconsider the district court's order of dismissal.

This case is similar to the case of *Joe v. Atkins*, 6 Nav. R. 55 (1988). In both cases, the appellants concurrently filed a motion for reconsideration with the district court and a notice of appeal with this Court. In *Joe, id.* at 55, and in *Benally v. Holtsoi*, 6 Nav. R. 35, 36 (1988), we held that the motion for reconsideration in the district courts was abolished on the effective date of the Navajo Rules of Civil Appellate procedure (March 1, 1987). We eliminated motions for reconsideration because they produced exactly the kind of procedural confusion present in this case. *Benally, id.* at 36. Petitioning the district court with a motion for reconsideration at the same time appellants filed notices of appeal with this Court created jurisdictional problems which were best avoided by abolishing the motion for reconsideration. *Id.* Accordingly, Toyo-Cinema's motion for reconsideration is not a proper motion in the district court.

Nevertheless, we examine the contents of Toyo-Cinema's motion for reconsideration to determine whether it can be recognized as a post-trial motion using one of our rules. If such recognition is given, this Court must dismiss the appeal on jurisdictional grounds to permit the district court to decide the motion. N.R.C.A.P. 8(b). We find that Toyo-Cinema's motion, which is primarily concerned with service of process, does not fit into any of the post-trial motions permitted by either the 1989 Navajo Rules of Civil Procedure or the 1987 Navajo Rules of Civil Appellate Procedure. Permissible post-trial motions include motions for judgment notwithstanding the verdict, to amend or add findings of fact, to alter or amend the judgment and for a new trial. Nav. R. Civ. P. 47(b), 59, 59.1; N.R.C.A.P. 8(b)(l)-(4). Toyo-Cinema's motion for reconsideration has no validity.

Finally, Tallman did not raise the "non-jural entity" issue as a defense in his answer to the complaint or at any time prior to the dismissal of the complaint. Having raised the issue in his response to the motion for reconsideration does not qualify as having raised it in the district court. This Court follows the rule that issues not raised in the district court may not be raised for the first time on

appeal. *Gudac v. Marianito*, 1 Nav. R. 385, 394 (1978); *PC&M Constr. Co. v. Navajo Nation*, 7 Nav. R. 72 (1993). Thus, the "non-jural entity" issue has not been preserved for appeal.

For these reasons, we deny Tallman's motion to dismiss the appeal.

## III

Toyo-Cinema seeks to include some court documents from the Arizona case in the record before this Court. The law requires us to decide cases on appeal using the record as established in the district court. 7 N.T.C. § 803 (1995); N.R.C.A.P. 9. "The record on appeal consists of papers, exhibits, and other objects entered into evidence with the district court...." *PC&M Constr. Co.*, *id.*, at 72. Thus, an appellate record consists of evidence admitted in the district court, not the trial court of another jurisdiction. *Id.* The district court record does not contain the documents in question and they cannot be added to the record on appeal. We deny Toyo-Cinema's motion to modify the record.

## IV

In summary, we deny Tallman's motion to dismiss the appeal and Toyo-Cinema's motion to modify the record on appeal.